# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **PATRICK TOWNZEN** <br> LA. DOC # 207654 | **CIVIL ACTION NO. 08-1322** <br> **SECTION P** |
| VS. | JUDGE MINALDI |
| **ROBERT TANNER, WARDEN** | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Patrick Townzen filed the instant Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on September 2, 2008. Petitioner is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Rayburn Corrections Center, Angie, Louisiana. Petitioner attacks his February 14, 2007, conviction for aggravated incest as well as the twelve year sentence imposed by the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### *Background*

Petitioner was indicted by a Calcasieu Parish Grand Jury on May 13, 2004. The indictment charged petitioner with acts of aggravated incest between September 28, 2001, and September 28, 2003, all in violation of La. R.S.14:78.1.

On the date trial was scheduled to begin, petitioner waived a jury and he proceeded to trial before a judge. In due course petitioner was found guilty as charged and sentenced to serve twelve years hard labor. Petitioner sought and was granted an appeal.

On appeal petitioner raised six assignments of error:

1. The trial court abused its discretion in refusing to require the State's witness, the victim's mother, to be placed under the rule of sequestration.

2. The trial court denied petitioner due process of law and the right to present witnesses in his defense when it permitted Steven James Reinholdt to enter a "blanket" Fifth Amendment privilege against self-incrimination.

3. The trial court erred in allowing the State's witness to testify to "other crimes" evidence beyond the scope of discovery and further erred in denying defense counsel's motion for mistrial.

4. The trial court erred in failing to sufficiently consider petitioner's request to either act as co-counsel for himself or to be allowed to represent himself at trial.

5. The trial court erred in not assuring that petitioner's waiver of his right to a jury trial was voluntarily entered.

6. The trial court erred in imposing the restriction against parole upon petitioner's twelve year sentence, resulting in the imposition of an illegal sentence.

*State v. P.T., Sr.*, 970 So.2d 1255, 1256-57 (La. App. 3 Cir. 12/5/2007).

The Louisiana Third Circuit Court of Appeal affirmed the conviction but found patent error in sentencing and remanded the matter to the trial court to conduct a hearing to determine whether the petitioner had sufficient resources to pay the costs of counseling for the victim. *Id.* The court also ordered the trial court to amend the sentence to provide for the denial of diminution of sentence and to provide for future parole eligibility. *Id.* Otherwise, the conviction was affirmed. *Id.*

After appeal petitioner sought review with the Louisiana Supreme Court arguing only the second, fourth, and fifth Assignments of Error raised on appeal, namely: (1) denial of right to present evidence in his defense by allowing a witness called by him to invoke a blanket Fifth Amendment privilege; (2) denial of right to self-representation; and (3) ineffective waiver of jury

2

trial. Doc. 1-4, at 2-21. The Supreme Court denied writs without comment. *State v. P.T., Sr.*, 983 So.2d 895 (La. 2008).

On September 2, 2008, petitioner filed the instant petition arguing the same claims argued in the petition for certiorari filed in the Louisiana Supreme Court. Doc. 1-3, at 6-7. After an initial review of petitioner's *pro se* petition, the court ordered that defendant be served. Doc. 6. The court allowed defendant forty days from the date of service to respond and petitioner twenty days to reply to defendant's response. *Id.* Defendant and petitioner have now made the appropriate filings, and the matter is ripe for review.

Defendant concedes that petitioner's application for *habeas* relief is timely and that petitioner has exhausted state post conviction relief. Doc. 13, at 2-6. Defendant argues that petitioner is nevertheless precluded from *habeas* relief because the state proceedings comport with applicable federal law. Petitioner, in reply, maintains the three assignments of error.

*Standard of Review*

Petitioner prays for *habeas* relief pursuant to 28 U.S.C. § 2254. "[A] federal court's review of a claim adjudicated in a state court is deferential . . . ." *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005). Pursuant to the federal *habeas* statute, as amended by AEDPA,[1] a federal court reviewing a *habeas* petition defers "to a state court's adjudication of a petitioner's claims on the merits unless the state court's decision was: (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). "A state

---

[1] Petitioner filed his application for *habeas* relief after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Thus, the provisions of that Act apply to petitioner's application. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005).

3

court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 404-08, 120 S. Ct. 1495, 1518-21, 146 L. Ed. 2d 389 (2000)).

A state court finding of fact is presumed correct and the petitioner must rebut the correctness by clear and convincing evidence. *Id.* (citing 28 U.S.C. § 2254(e)(1)). A state court application of clearly established federal law is unreasonable if it is "objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409; 120 S. Ct. at 1521, 146 L. Ed. 2d 389). That is to say, "[a]n application of federal law is unreasonable only 'when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect.'" *Trevino v. Johnson*, 168 F.3d 173, 181 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939, 167 L. Ed. 2d 836 (2007); *see Richards v. Quarterman,* __ F.3d __, 2009 WL 1111177, *4 (5th Cir. Apr. 27, 2009).

Finally, courts within the Fifth Circuit review questions of law and mixed questions of law and fact under § 2254(d)(1) while questions of fact are reviewed under § 2254(d)(2). *Richardson v. Quarterman*, 537 F.3d 466, 472 (5th Cir. 2008) (citing *Horn v. Quarterman*, 508 F.3d 306, 312 (5th Cir. 2007)).

*Analysis*

Before this court, petitioner claims that the Louisiana Supreme Court erred in refusing to review and reverse the determinations of the Louisiana Third Circuit Court of Appeal and, as

noted above, reurges here his arguments made to the Louisiana Supreme Court and denied by that court without comment. Those arguments are discussed in detail below.

      A.      *Claim of Denial of Right to Present Evidence:*

Petitioner first argues that the trial court violated his constitutional right to present evidence in his defense. At trial petitioner called Steven Reinholdt as a witness. When brought forward to testify, Reinholdt asserted his Fifth Amendment privilege against self-incrimination and then was dismissed. Petitioner argues that the trial court erred, thus depriving him of his constitutional rights, by allowing the witness to invoke a "blanket privilege" rather than allowing full interrogation and requiring the witness to invoke his privilege in response to each question.

A criminal defendant has a Sixth Amendment right to compulsory process to present witnesses in his favor. Whether petitioner's Sixth Amendment compulsory process has been violated is a mixed question of law and fact. *Beckwith v. Anderson*, 89 F. Supp. 2d 788, 794 (S.D. Miss. 2000); *cf. Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997)) (noting violation of Sixth Amendment confrontation right is mixed question of fact and law). Accordingly, the court reviews the issue under 28 U.S.C. § 2254(d)(1) to determine whether, as the statute states, "adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."

"It is well settled that a defendant's Sixth Amendment right of compulsory process to obtain witnesses in his favor must yield to a witness's Fifth Amendment privilege against self-incrimination." *U.S. v. Hernandez*, 962 F.2d 1152, 1161 (5th Cir. 1992) (citing *Roussell v. Jeane,* 842 F.2d 1512, 1516 (5th Cir. 1988); *United States v. Khan,* 728 F.2d 676, 678 (5th Cir. 1984)). Additionally, a trial judge "'is accorded broad discretion in determining the merits of a

claimed Fifth Amendment privilege.'" *Id.* (quoting *United States v. Lyons,* 703 F.2d 815, 818 (5th Cir. 1983).

In the seminal case on an individual's Fifth Amendment privilege to remain silent, *Hoffman v. U.S.*, 341 U.S. 479, 485-86, 71 S. Ct. 814, 818, 95 L. Ed. 1118 (1951), the Supreme Court held that the Fifth Amendment protection afforded to the witness:

> must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself-his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, and to require him to answer if it clearly appears to the court that he is mistaken.

*Id.* at 341 U.S. 485-86, 71 S.Ct. 818. The Fifth Circuit has noted, in light of *Hoffman*, that [t]he trial judge must make a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege. A blanket assertion of the privilege without inquiry by the court, is unacceptable." *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980); *see Jones v. Johnson*, 2000 WL 423438, *6 (5th Cir. 2000) (unpublished).

Reinholdt appeared at trial with his attorney who, prior to his taking the stand, stated as follows:

> Your Honor, I have some idea of what's going on . . .[a]nd, Your Honor, I would not like him to testify at all unless there's some extreme relevance or some overriding concern on [petitioner's] part that would justify the Court even permitting Mr. Reinholdt to testify. And I've advised him to claim his 5th Amendment privilege. We have an open file in our office regarding an alleged sexual battery, . . . [the State] intend[s] to seek indictment for other sexual assault cases, in fact, aggravated rape, so this man has got a tremendous amount at stake and I don't know what he can contribute to this case. But, in any event, I think it would be unwise and would not be in his best interest to testify at all, and that's Mr. Reinholdt's position . . . .

Transcript 713-14. When apprised by the court of its understanding of what plaintiff sought from this testimony, i.e. that Mr. Reinholdt's testimony would be offered to disprove the victim's statement that she did not know the witness, Reinholdt's counsel was asked whether he still had concerns. Counsel was quite adamant that, given the fact that his client was at that time incarcerated pending trial on sexual offences and the fact they anticipated additional charges being brought that could subject the witness to multiple life sentences, he would continue to advise his client to assert his privilege. Counsel was resolute that he cared not to give his client the opportunity to say anything under oath that might open a door for the State in the witness's prosecution. *Id*. 715-16.

Petitioner nevertheless called Mr. Reinholdt who took the stand, gave his name and address, then invoked his privilege. At this point the trial court stated:

> THE COURT: I'm not going to make him . . . go through the whole diatribe. . . . I'm not going to make him say the magic words . . . . You're refusing to testify at this time?
>
> THE WITNESS: Yes, sir.

*Id*. 717. Thereafter the court stated it would not order Mr. Reinholdt to waive his Fifth Amendment rights and dismissed him. Petitioner, through counsel, noted objection for the record. *Id*. 719.

In response to petitioner's claimed error of allowing "blanket privilege," the Third Circuit remarked that it may be reversible error to allow a witness to claim a blanket privilege, but that no error occurs where requiring a question-by-question assertion of the privilege would serve no purpose. *P.T., Sr.*, 970 So.2d at 1259 (citing *State v. Darby*, 403 So.2d 44, 48 (La. 1981)). The Third Circuit quoted the decision of Louisiana Supreme Court in *State v. Haddad* where the court held "[a]s a general proposition, when faced with resolving the tension between a witness'

7

Fifth Amendment privilege against self-incrimination and a defendant's Sixth Amendment right to present a defense, this court has consistently recognized the witness's right not to incriminate himself." *Id.* (quoting *State v. Haddad*, 767 So.2d 682, 686 (La. 2000)).

The Third Circuit found that the trial court did not err in permitting the witness to invoke his privilege against self-incrimination. The scope of that witness's testimony as described by the trial court might have constituted evidence impeaching the credibility of the victim but it did not exculpate petitioner from the conduct charged. And finally the appellate court did not find that the witness was allowed to assert a "blanket" Fifth Amendment privilege, but rather was there to testify about one matter only and he invoked his privilege for that one matter. For these reasons the court concluded that the trial court did not err. *Id.* at 1259-60.

In this proceeding petitioner points us to nothing that would indicate the jurisprudence relied upon by the Third Circuit was inapposite or that the court applied that jurisprudence to these facts inappropriately such that his right to adduce evidence was violated. The dialogue set out in length above demonstrates clearly the extent of the court's inquiry into the legitimacy of the witness' assertion prior to the court's allowing the witness to be excused after asserting his privilege. The trial court indicated its understanding of the scope of the questioning of Reinholdt, and the judge's understanding was not corrected by petitioner even after being invited to do so.[2] Given the trial court's apparent compliance with the demands of *Hoffman*, this court cannot say that the adjudication by the trial court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1).

---

[2]Transcript at 714-15. Petitioner now argues that the trial judge merely speculated on the scope of questioning of this witness, as did the court of appeal when it adopted what the trial court said. Nothing in the record of this proceeding or the state criminal proceeding gives any indication that petitioner intended to question the witness on any issue other than that surmised by the trial court and nothing would indicate for what other purpose that one issue would be used.

8

Moreover, to be entitled to relief on a claim regarding violation of his Sixth Amendment right to compulsory process, petitioner must show not only that the right was in fact violated, but also that "there is 'more than a mere reasonable possibility that the error contributed to the verdict.'" *Wilkerson v. Cain,* 233 F.3d 886, 892 (5th Cir. 2000) (quoting *Woods v. Johnson,* 75 F.3d 1017, 1026 (5th Cir. 1996)).

Petitioner has not shown how the evidence he sought to illicit would have led to a different verdict. As the court of appeal aptly noted, the offered evidence would not have exonerated defendant but rather may have assailed the credibility of the victim. We find it less than a mere reasonable possibility that the testimony sought would have accomplished the desired result.[3]

Petitioner has failed to establish entitlement to *habeas* relief on this ground.

B. *Claim of Denial of Right to Act as Counsel or Co-Counsel and Claim that Waiver of Jury Was Not Knowing and Voluntary.*

Petitioner next argues that the trial court failed to consider sufficiently his request to act as co-counsel or to proceed *pro se*. Petitioner maintains that the Louisiana Third Circuit erred in failing to find that the trial court improperly considered his Motion to Enter as Co-Counsel and/or to Proceed Pro Se. Petitioner further maintains that the Third Circuit erred in finding it was petitioner's choice to not proceed *pro se*.

Petitioner also asserts that the issue of whether he voluntarily waived his right to jury trial is enmeshed with his request to proceed as his own co-counsel. Specifically, petitioner contends that his waiver of a jury trial was made based on an assumption that by entering the waiver, he would be allowed to proceed as co-counsel at trial. Petitioner likewise contends that the Third Circuit erred in finding that his waiver of the right to a jury trial was made voluntarily.

---

[3] We find no reason to assume that the trial judge would have concluded differently on the charge even if petitioner had successfully impeached the victim on this peripheral issue.

The right to counsel is guaranteed by the Sixth Amendment. "Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.'" *Iowa v. Tovar*, 541 U.S. 77, 81, 124 S. Ct. 1379, 1383, 158 L. Ed. 2d 209 (2004) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468, 25 L. Ed. 2d 747 (1970)); *see Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Whether the trial court properly considered petitioner's alleged waiver of the Sixth Amendment right to counsel in this case is a question of mixed fact and law. *Childress v. Johnson*, 103 F.3d 1221, 1224 (5th Cir. 1997).

Similarly, a criminal defendant's right to a trial by jury is a fundamental right protected by the Sixth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 157-58, 88 S. Ct. 1444, 1451-52, 20 L. Ed. 2d 491 (1968). A waiver of this right must be express and intelligent. *Patton v. U.S.*, 281 U.S. 276, 312, 50 S. Ct. 253, 263, 74 L. Ed. 854 (1930), *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970); *see also Mills v. Collins*, 924 F.2d 89, 93 & n. 4 (5th Cir. 1991). Whether petitioner's waiver of his right to a jury trial was knowing and voluntary is also a legal determination, although subsidiary questions of fact may be involved. *Johnson v. Cain*, 1999 WL 800187, *1 (5th Cir. 1999) (unpublished) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431-32, 103 S. Ct. 843, 849-50, 74 L. Ed. 2d 646 (1983); *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998)).

Accordingly, with regard to both alleged violations of petitioner's Sixth Amendment rights, 28 U.S.C. § 2254(d)(1) applies and the *habeas* court reviews the trial court adjudication to determine whether it "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."

Several months prior to trial, petitioner filed a pleading entitled "Motion to Enter as Co-counsel and/or as Pro Se." Transcript at 307-09.[4] Petitioner claimed in the motion that his entry either *pro se* or as co-counsel would be necessary to provide himself with a fair and adequate defense. *Id.* at 307. The motion was argued on January 10, 2007. Transcript, Supp. Vol., at 2.

Before the motion was brought forward, the state objected to the court's consideration of any of the motions filed by petitioner, including the motion described above. The state maintained that allowing petitioner to proceed on his own behalf while having counsel to represent him would create confusion "not liking what counsel argues, wanting to fashion his own particular arguments to the contrary." *Id.* at 5. The court allowed petitioner to address the prosecutor's objection and, in the course of his discussion with the trial judge, petitioner was clear that he sought only to act as co-counsel, that he did not wish to represent himself, and he exhibited an unambiguous understanding of the difference. The trial judge ruled he would on that date allow petitioner to argue the motions that he himself had filed and that he would allow counsel to assist but that counsel would argue the motions filed by counsel. *Id.* at 8.

It was at this point the court considered petitioner's "Motion to Enter as Co-counsel and/or as Pro Se." The prosecution set forth the same argument it made when suggesting the court should not even consider petitioner's *pro se* motions, that to allow petitioner to have representation and to represent himself would be to create confusion and allow petitioner to

---

[4] It appears that the record before this court does not contain the entire motion. Petitioner has not raised this as an issue in this proceeding or asked that the record be supplemented to include the entirety of the motion (if indeed the entire motion is not included); accordingly, we are assuming that whatever may be missing from that document is irrelevant to petitioner's argument.

manipulate the system, presenting particular arguments apposite to that set forth by his counsel. *Id.* at 8-12.

The trial court then asked petitioner whether he was seeking co-counsel status for trial purposes or just for purposes of the motions filed by him being heard that date. Petitioner responded that he wanted to act for the entirety of the proceeding and then he stated as follows:

> [A]ll along I have stated that I wanted a jury trial, but that has changed. I want a trial by judge. And that way, you know, I should be able to proceed as co[-]counsel because I'm not gonna have a jury to confuse or whatever the case may be. I'm electing a trial by judge, and that -- that's been on my mind for several months. And I was waiting until actually the day of trial to bring that to your attention, but since she brought it up and trying to use it to get the co[-]counsel thrown out because of the manipulation of the jury -- I believe that the State's the only one that's probably gonna do that. I mean, I want a trial by judge, and I'm using this -- I'd like to exercise a motion as co[-]counsel because I feel that I need that for my defense. That's my reason for wanting to be co[-]counsel, so that I do not have to depend on Mr. Bouquet . . . .

*Id.* at 12-13. The court pointed out there was no motion before it to strike a jury and reiterated its previous ruling that petitioner would be allowed to argue his own motions on that date. The court deferred ruling on whether he would allow petitioner to act as co-counsel in the future but made it clear it would certainly not allow that relief if the matter were tried before a jury. *Id.* at 14.

On the date trial was to begin, the court took up all remaining preliminary matters, including petitioner's previously indicated desire to waive his right to trial by jury. Petitioner himself stated on the record that he wished to waive the jury and proceed before the judge. Transcript 454-55. Once petitioner waived, the court indicated that petitioner's counsel would be handling questioning whereupon the clerk sought clarification:

> THE CLERK: Your Honor, you're denying his request to be co-counsel?

12

>THE COURT: Yes. With that then, Mrs. Cochran, are we ready to go to trial?
>
>MS. COCHRAN: We are ready.
>
>THE COURT: Mr. Bouquet, are you ready to go to trial?
>
>MR. BOUQUET: My client wishes to proceed to trial.

Transcript at 453-56. There was no objection at that time by petitioner or his counsel to the court's denial of petitioner's request to act as co-counsel.

### 1. The Motion to Act as Co-Counsel or to Proceed Pro Se

On review, the Third Circuit noted the rule that a defendant's decision to represent himself must be knowing, intelligent, clear, and unequivocal. *P.T., Sr.*, 970 So.2d at 1261 (quoting *State v. Brown*, 907 So.2d 1, 22 (La. 2005)). The court commented on the discussion that took place at the pre-trial motions hearing. The court found that "[t]he colloquy indicates that defendant did not intend to represent himself. Rather, it shows that the defendant acquiesced in the trial court's ruling that defense counsel would be allowed to assist him and argue motions filed by defense counsel." *Id.*

The Third Circuit also commented on the discourse that occurred the date trial was to begin. The court noted that the dialogue "illustrates[ that] the defendant did not make a clear and unequivocal request to represent himself." *Id.* at 1262. The court further noted that "when the trial court denied defendant's motion on the day of trial, he did not lodge an objection." *Id.*

Petitioner's approach to this issue in brief, intentionally or not, blurs the distinction between a request to act as co-counsel, a hybrid form of representation that is not guaranteed by the constitution,[5] and his protected right to waive counsel if the waiver is knowing, intelligent,

---

[5] *U.S. v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 182, 104 S. Ct. 944, 953, 79 L. Ed. 2d 122 (1984)).

and "done with sufficient awareness of the relevant circumstances.'" *Tovar*, 541 U.S. at 81, 124 S. Ct. at 1383, 158 L. Ed. 2d 209. Petitioner states in brief that his request to the court was one to act as co-counsel, proceeding *pro se* only being an alternative to the primary relief sought. Doc. 1-3 at 10. The pleading itself was not clear on what relief was being sought and in fact the heading of the pleading creates an ambiguity by using both the conjunctive "and" together with the disjunctive "or." The pleading did, however, make it clear that he was dissatisfied with his counsel who, apparently from the pleading, was not handling the defense in a manner satisfactory to the plaintiff.

Petitioner did, however, on the record – both at the hearing where he was allowed to act as co-counsel and again on the date trial was to begin – state that he was not asking to act alone, that he was seeking co-counsel status.[6] As was recently noted by the Fifth Circuit:

> To exercise the right, a defendant must " 'knowingly and intelligently' forego counsel, and the request to proceed *pro se* must be 'clear and unequivocal.' " *United States v. Martin,* 790 F.2d 1215, 1218 (5th Cir.1986) (citation omitted). At a so-called *Faretta* hearing, the trial court, before granting the request, "must caution the defendant about the dangers of such a course of action so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Id.* (quoting *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525). Nevertheless, a defendant may waive the right through subsequent conduct indicating an abandonment of the request. *See McKaskle,* 465 U.S. at 182, 104 S.Ct. 944 (1984); *Brown v. Wainwright,* 665 F.2d 607, 611 (Former 5th Cir.1982) (en banc).
>
> In sum, assertion of the right proceeds in two steps. ***First, the defendant must unequivocally inform the court of the desire to represent himself.*** Second, the court must hold a *Faretta* hearing to determine whether the defendant is "knowingly and

---

[6]At the earlier hearing when the court was entertaining argument on petitioner's Motion to Enter as Co-Counsel and/or as Pro Se, petitioner did interrupt and interject "I didn't say that" in reaction to the prosecutor's declaration that petitioner had already stated for the record that he sought only co-counsel status and was not asking to proceed *pro se.* Transcript, Supp. Vol. at 10. For the remainder of that hearing, however, petitioner only argued for co-counsel status and evidenced an understanding of the distinction.

> intelligently" forgoing his right to appointed counsel and whether, by post-invocation action, he has waived the request.

U.S. v. Cano 519 F.3d 512, 516 (5th Cir. 2008) (emphasis added). In short, it is incumbent on the criminal defendant, petitioner here, to state his desire to represent himself clearly and unequivocally before the trial court has any obligation to investigate whether his request is made knowingly or voluntarily. To the extent the written motion itself could be construed as such an unequivocal statement – a fact we do not find here – petitioner's own conduct at the hearing on that motion indicated an abandonment of that request. To the extent that petitioner's interjection at the hearing on the motion[7] may be construed as an unequivocal statement – a fact we do not find here – petitioner's conduct at the hearing after the interjection and at trial indicate an abandonment of that request. We find no constitutionally protected right to have a court investigate whether a defendant's conduct waiving an unequivocal request should be done knowingly and voluntarily, a point which petitioner seems to argue.

In sum, a review of the record does not support petitioner's argument in brief that he "strenuously" argued to be allowed to proceed *pro se*. Petitioner did strenuously complain about his counsel but never once made it clear that he wanted to proceed alone, without the assistance of any counsel at all. When the trial court denied petitioner the right to proceed to trial as co-counsel, petitioner voiced no objection. Transcript at 455-56.

On review of petitioner's complaint that the trial court failed properly to consider whether he wished to proceed with or without counsel, it cannot be said that the adjudication of petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[7] See footnote 6.

United States . . . ." 28 U.S.C. § 2254(d)(1). Thus, petitioner has failed to establish entitlement to *habeas* relief on this ground.

### 2. The Waiver of Trial by Jury

On review, the Third Circuit noted that a waiver of the right to jury trial must be knowing and intelligent. *P.T., Sr.*, 970 So.2d at 1262 (quoting *State v. Morris*, 607 So.2d 1000, 1001 (La. App. 3 Cir. 1992)). The appellate court found "the trial court's determination that the defendant knowingly and intelligently waived his right to a jury trial" was properly supported by the record. *Id.* at 1262-63.

Petitioner argues that his decision to waive a jury trial was intertwined with his desire to proceed as co-counsel. Petitioner argues that he was entitled to a detailed explanation of what he was waiving, and that without such an explanation it cannot be said that he made a knowing and intelligent waiver.

Although the waiver of the right to jury trial may not be presumed from a silent record, *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969), "whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams v. United States ex rel McCann*, 317 U.S. 269, 278, 63 S. Ct. 236, 241, 87 L. Ed. 268 (1942); *see also Mosby v. Cain*, 1996 WL 166880 (5th Cir. 1996) (unpublished).

During the motions hearing, petitioner clearly indicated that he had been contemplating waiver of jury for "several months" but "was waiting until actually the day of trial to bring that to [the trial court's] attention." Transcript, Supp. Vol., at 12-13. At the scheduled start of trial, the trial court revisited the issue, ensuring that petitioner wanted a trial "[b]y judge only." Transcript at 455-56. Petitioner unequivocally answered "Yes, sir." *Id.* When asked whether

petitioner was waiving his right to a trial by jury, he unequivocally stated: "That's correct." *Id.* Although petitioner argues that his waiver was not knowing and intelligent, it is difficult to discern from the record how this could possibly be so.

The sequence also belies petitioner's argument that his waiver of a jury was the court-induced predicate to his being allowed to proceed as co-counsel throughout the proceedings. The trial court was clear that petitioner would not be allowed to proceed as co-counsel if there was a jury but never inferred it would grant co-counsel status if the jury was waived. Petitioner may well have hoped that his waiving a jury might induce the judge to allow his co-counsel status, a tactical maneuver that proved unsuccessful, but such a plan would, in this court's opinion, only be further proof that petitioner understood exactly what he was doing.

Petitioner seeks to impose on a trial court a constitutionally protected obligation to revisit a previous knowing and voluntary decision to waive a constitutionally protected right – in this case waiver of a trial by jury – in order to determine whether any subsequent rulings of the court might cause him to rethink his previous decision. We find no jurisprudence imposing such an obligation on a trial court and none has been presented. Orderly judicial process would not be served by requiring a trial judge, upon making each and every ruling in the course of a proceeding, to stop the proceeding and conduct in inquiry into whether that ruling would cause the defendant to rethink his previous decision to waive.

The record does support the conclusion that petitioner understood he had a right to trial by jury and, at the time he waived that right, he did so intelligently and competently.

On review of petitioner's third assigned error, that the trial court failed properly to ensure petitioner's waiver of a jury trial was made knowingly and intelligently, adjudication of petitioner's claim by the state court has not "resulted in a decision that was contrary to, or

17

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Therefore, petitioner's assignment of error is without merit.

*Conclusion*

In accordance with the foregoing, it is the recommendation of the undersigned that Petitioner's Application for Writ of *Habeas Corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 5th day of June, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE